IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELVIN WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ACTION NO. 4:11-cv-781 |
| | § | |
| AMANDA BOLIN, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Pending before the court[1] is Defendants Culver, Reagin, Bijou, and Wolff's Motion to Dismiss (Doc. 20); Defendant Reiss's Motion to Dismiss (Doc. 21); Defendant Bolin's Motion to Dismiss (Doc. 22); Defendant Bolin's Motion to Strike Complaint Filed by Alice M. Craft (Doc. 23); Defendant Reiss's Motion for Summary Judgment (Doc. 38); Plaintiff's Motion for Extension of Time to Respond to Motion for Summary Judgment (Doc. 43); Plaintiff's Motion for Extension of Time to File Opposition to Motion for Summary Judgment (Doc. 44); and Plaintiff's Motion in Opposition to Defendant Reiss's Motion for Summary Judgment (Doc. 46).

The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendants Culver, Reagin, Bijou, and Wolff's Motion to Dismiss (Doc. 20); **GRANTS** Defendant Reiss's Motion to Dismiss (Doc. 21); **GRANTS** Defendant Bolin's Motion to Dismiss (Doc. 22); **DENIES AS MOOT** Defendant Bolin's Motion to Strike Complaint Filed by Alice

---

[1]    The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636© and Federal Rule of Civil Procedure 73.  Doc. 35.

M. Craft (Doc. 23); **DENIES AS MOOT** Defendant Reiss's Motion for Summary Judgment (Doc. 38); **DENIES AS MOOT** Plaintiff's Motion for Extension of Time to Respond to Motion for Summary Judgment (Doc. 43); **DENIES AS MOOT** Plaintiff's Motion for Extension of Time to File Opposition to Motion for Summary Judgment (Doc. 44); and **DENIES AS MOOT** Plaintiff's Motion in Opposition to Defendant Reiss's Motion for Summary Judgment (Doc. 46).

## I.   Background

### A.   Procedural

Plaintiff, pro se,[2] filed this lawsuit against the six defendants on March 2, 2011, primarily alleging various civil rights violations under 42 U.S.C. § 1983 ("Section 1983") in connection with state court criminal proceedings.[3]   The six defendants are Amanda Bolin in her official capacity as Fort Bend County Assistant District Attorney ("ADA Bolin"); Thomas R. Culver III in his official capacity as District Judge of the 240th Judicial

---

[2]     Allegations contained in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[3]     Doc. 1, Original Complaint; Doc. 24, Amended Complaint.  In addition, Plaintiff brings suit pursuant to 18 U.S.C.    § 241 for "Conspiracy Against Rights," 18 U.S.C. § 242 for "Deprivation of Rights Under Color of Law," and 18 U.S.C. § 1018 with respect to public officers and "Official Certificates or Writings."  See Doc. 24, Amended Complaint, ¶ 2.  The court notes that these are criminal statutes with no correlating civil causes of action. See, e.g., Parham v. Clinton, No. 09-20681, 2010 WL 1141638, at *1 n.1 (5th Cir. Mar. 17, 2010) (unpublished).  Thus, they have no applicability to the present civil proceeding and the court dismisses these causes of action with prejudice.
    Plaintiff also brings suit for Professional Misconduct under "295 USC § 78, 88 (1935)."  See Doc. 24, Amended Complaint, ¶ 2.  This incorrect citation refers to a United States Supreme Court case, from which Plaintiff quotes, "It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." See id.; Berger v. U.S., 295 U.S. 78, 88 (1935).  This is not a cause of action but is mere dicta in case law.  Thus, the court dismisses Plaintiff's asserted cause of action with prejudice.

District Court of Fort Bend County ("Judge Culver"); Josh Reiss in his official capacity as Harris County Assistant District Attorney ("ADA Reiss"); Shawna Reagin in her official capacity as District Judge of the 176th Judicial District Court of Harris County ("Judge Reagin"); and Peggy Bijou ("Bijou") and Chris Wolff ("Wolff") in their official capacities as officers of the Fort Bend County Community Supervision and Corrections Department (collectively, "Defendants").[4]   Through this lawsuit, Plaintiff requests "prospective or injunctive, declaratory relief, as well as damages and prospective relief."[5]

In April 2011, Defendants filed three motions to dismiss and, in addition, ADA Bolin filed a motion to strike the complaint.[6]  On May 3, 2011, Plaintiff filed a joint amended complaint and response to Defendants' motions to dismiss and ADA Bolin's motion to strike.[7]  Because Plaintiff's amended complaint corrects the issue raised by ADA Bolin's motion to strike,[8] the court **DENIES AS MOOT** the motion and uses the facts stated in the amended complaint as the basis for this opinion.

---

[4]     See Doc. 24, Plaintiff's Response to Defendants' Motion to Dismiss Amended Complaint ("Amended Complaint").

[5]     Doc. 24, Amended Complaint, ¶ 3.

[6]     See Doc. 20, Judge Culver, Judge Reagin, Bijou, and Wolff's Motion to Dismiss; Doc. 21, ADA Reiss's Motion to Dismiss; Doc. 22, ADA Bolin's Motion to Dismiss; Doc. 23, ADA Bolin's Motion to Strike Complaint Filed by Alice M. Craft ("ADA Bolin's Motion to Strike").

[7]     Doc. 24, Amended Complaint.

[8]     ADA Bolin moved to strike Plaintiff's original complaint on the basis that it was filed by Alice M. Craft, whom ADA Bolin asserted was not an attorney and did not have standing "to assert and pursue in her own right the claims, if any, held by" Plaintiff.  See Doc. 23, ADA Bolin's Motion to Strike, p. 1.  The amended complaint was filed by Plaintiff, acting pro se, and not by Alice M. Craft.  See Doc. 24, Amended Complaint.

**B.     Factual**

In short, Plaintiff avers that he was denied due process by a judge, two probation officers, and an assistant district attorney in Fort Bend County, Texas, and another judge and another assistant district attorney in Harris County, Texas.   As a result, he requests a new trial and other reparation, including money damages.

According to Plaintiff's amended complaint, in 1989 Plaintiff was sentenced to ninety-nine years in prison in Harris County, for an unspecified offense, for which he was later released on parole, on an unspecified date.[9]

On January 16, 2007, Plaintiff was charged in Fort Bend County with burglary of a building and was released on bond.[10]  Bijou was assigned as Plaintiff's pretrial officer.[11]

On December 19, 2009, Plaintiff appeared in Harris County before Judge Reagin and was charged with credit card fraud.[12]  He was released on a $75,000 bond.[13]

On July 13, 2010, the 2007 burglary case proceeded to trial before Judge Culver in Fort Bend County, but the next day a mistrial was declared, and the case was reset for July 20, 2010.[14] On July 19, 2010, Plaintiff filed a pretrial application for a writ of habeas corpus on the basis of double jeopardy, along with a

---

[9]      See Doc. 24, Amended Complaint, ¶ 62.

[10]      See id. ¶¶ 43-44, 52.

[11]      See id. ¶ 43.

[12]      See id. ¶¶ 40-41.

[13]      See id. ¶¶ 43, 51.

[14]      See id. ¶ 52.

motion to dismiss the indictment.[15]  On July 20, 2010, Judge Culver
conducted a hearing and denied the application, upon which
Plaintiff immediately filed a notice of appeal for a writ of habeas
corpus.[16]  Judge Culver found that the application was not frivolous
and removed the case from his trial docket until resolution of the
appeal.[17]  On October 7, 2010, Plaintiff's appeal was denied and
Judge Culver's judgment on the issue was affirmed.[18]

On January 18, 2011, ADA Reiss filed two additional felony
charges in Harris County against Plaintiff, each for credit card
abuse.[19]  Judge Reagin placed a bond amount of $5,000.00 on each
charge.[20]  The next day, Plaintiff was arrested by Houston police
officers during his court setting.[21]

On January 20, 2011, Plaintiff was released on bond from
Harris County for the credit card abuse charges.[22]  That same day,
back in Fort Bend County, Bijou recommended that Plaintiff's bond
supervision be revoked because of the new felony charges for credit
card abuse filed by ADA Reiss in Harris County; ADA Bolin issued a
warrant for Plaintiff's arrest, signed by Judge Culver, based on

---

[15]    See id. ¶ 53.

[16]    See id. ¶¶ 53-54.

[17]    See id. ¶ 54.

[18]    See id. ¶ 56.

[19]    See id. ¶¶  40-41, 43, 57.

[20]    See id. ¶ 41.

[21]    See id. ¶¶ 40-41.

[22]    See id. ¶ 46.

Bijou's recommendation.[23]

The next day, Plaintiff reported to the Fort Bend County
Probation Office, at Bijou's request, to have a GPS monitor placed
on his leg and to submit to a drug test.[24]  Plaintiff met with Fort
Bend County Probation Pretrial Office supervisor Wolff, who advised
him of the new outstanding arrest warrant. [25]   Plaintiff was
immediately arrested at the Pretrial Office by three waiting police
officers.[26]  As a result of this arrest, Judge Reagin also forfeited
Plaintiff's bond in the Harris County court.[27]

On March 2, 2011, Plaintiff filed the present federal lawsuit
against the six Defendants in this case, alleging violations of his
civil rights based on the aforementioned facts.[28]  Plaintiff further
alleges in his amended complaint that on March 8, 2011, his re-

---

[23]     See id. ¶¶ 40-43.  Plaintiff states that only one of those two cases
was on file as of February 11, 2011.  See id. ¶ 41.

[24]     See id. ¶ 46.  As part of Plaintiff's probation, he was apparently
required to find and hold suitable employment.  See id. ¶ 47.  He states that
Bijou, Wolff, and ADA Bolin, all of Fort Bend County, collectively decided that
several of his jobs were unacceptable, even though the Harris County Parole
Office did not find any problem with his employment.  See id.  He had also been
assigned to a weekly group visit at the Fort Bend Probation Pretrial Office, but
Bijou at some point informed him that he would no longer meet with the group.
See id.  Instead, Plaintiff was required to wear a GPS Active Monitor and to
report weekly to the office to meet with Bijou, where he was "drug tested weekly
and also selected for random drug testing."  Id.  He asserts that he was placed
on the GPS monitor after ADA Bolin requested several times that Judge Culver
revoke Plaintiff's bonds.  See id.  Plaintiff was ordered to pay $10.00 a day for
the monitoring, due at the end of each month.  See id.  Plaintiff states that
this fee prevented him from meeting his monthly living expenses.  See id.
Plaintiff is not clear on the time frame surrounding these particular events.

[25]     See id. ¶ 46.

[26]     See id.

[27]     See id. ¶ 40.

[28]     See Doc. 1, Original Complaint; Doc. 24, Amended Complaint, ¶ 63.

trial began in Fort Bend County on the 2007 burglary charge. [29]
Plaintiff, Judge Culver, and ADA Bolin discussed the federal
lawsuit in open court, and Plaintiff was asked if he objected to
Judge Culver hearing his state criminal case; Plaintiff stated he
did not object.[30]  Judge Culver adversely ruled against Plaintiff
on pending motions for a continuance and for production of three
named witnesses who, Plaintiff avers, would have exonerated him of
the burglary charge.[31]

On March 10, 2011, before the conclusion of the trial,
Plaintiff entered a guilty plea on the charge and was sentenced to
ten years in prison.[32]  Plaintiff avers that he was not aware at the
time that his guilty plea meant that the parole on his ninety-nine
year sentence from 1989 would also be revoked.[33]  He states that he
would not have plead guilty in the case if he had known the
consequences with respect to his parole.[34]  He also states, however,
that he did not tell Judge Culver about his parole because he
feared that Judge Culver would not be fair.[35]  Plaintiff concludes
that:

> [W]ith a pending Federal lawsuit . . . [Judge Culver]
> should not have made rulings in the case, should not have
> denied Plaintiff the ability to compel and call witnesses

---

[29]   See Doc. 24, Amended Complaint, ¶¶ 40, 61.

[30]   See id. ¶ 63.

[31]   See id. ¶ 64.

[32]   See id. ¶¶ 60, 65-66.

[33]   See id. ¶ 67.

[34]   See id.

[35]   See id.

on his behalf, should not have placed Plaintiff in the
"cruel trilemma" of responding to a question from the
Court if the Plaintiff wanted the Court to hear the case
or not, should not have presided over the case and should
have admonished Plaintiff of the indisputable
Consequences of this plea on his known 99-year parole,
[and, in] summary, the Plaintiff was denied his basic
statutory and constitutionally guaranteed rights to a
fair and impartial trial, which led to his plea being
involuntary.[36]

## II.   Standards

The court should decide a Federal Rule of Civil Procedure
("Rule") 12(b)(1) motion before addressing any attack on the
merits.   Ramming v. United States , 281 F.3d 158, 161 (5 [th] Cir.
2001).   Pursuant to the federal rules, dismissal of an action is
appropriate whenever the court lacks subject matter jurisdiction.
Fed. R. Civ. P. 12(b)(1); 12(h)(3).   Federal courts may exercise
jurisdiction over cases only as authorized by the United States
Constitution and the jurisdictional statutes.   Kokkonen v. Guardian
Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Howery v.
Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).   A district
court has original jurisdiction of "all civil actions arising under
the Constitution, laws, or treaties of the United States."   28
U.S.C. § 1331.   The party asserting jurisdiction bears the burden
of overcoming the presumption that the cause falls outside the
court's limited jurisdiction.   Kokkonen, 511 U.S. at 377; Howery,
243 F.3d at 916, 919.   In considering such a motion, the court must
take as true all uncontroverted factual allegations in the
complaint.   John Corp. v. City of Houston, 214 F.3d 573, 576 (5th
Cir. 2000).

---

[36]   Id. ¶ 69.

In a Rule 12(b)(6) motion, the court determines whether a complaint states a valid claim when all well-pleaded facts are (1) assumed true and (2) are viewed in a light most favorable to the plaintiff.  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).  The court does not evaluate the plaintiff's likelihood of success; rather, it only decides whether the plaintiff has stated a legally cognizable claim that is plausible. Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

### III.  Analysis

### A.   Rule 12(b)(1): Subject Matter Jurisdiction

Defendants argue that this court has no jurisdiction to hear Plaintiff's claims and requests for injunctive and declaratory relief, including his request for a new trial, on the basis of the Younger doctrine.

"Federal subject matter jurisdiction is limited and must be conferred by Congress within the bounds of the Constitution." Walters v. Smith, 409 Fed. App'x 782, at *1 (5th Cir. 2011) (citing U.S. CONST. art. III, § 2; Cary v. Curtis, 44 U.S. 2365, 245 (1845); Marbury v. Madison, 5 U.S. (1 Cranch) 137, 176, 179 (1803)).  "Litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent."  Walters, 409 Fed App'x at *1 (citing Mitchell v. Maurer, 293 U.S. 237, 244 (1934)).

In the absence of extraordinary circumstances, federal courts are not permitted to enjoin pending state criminal proceedings involving important state interests.  Younger v. Harris, 401 U.S. 37 (1971).   This doctrine applies to both injunctive and declaratory relief, but not to money damages.  See id. (injunctive

9

relief); <u>Samuels v. Mackell</u>, 401 U.S. 66 (1971) (declaratory relief); <u>Bishop v. State Bar of Texas</u>, 736 F.2d 292, 295 (5th Cir. 1984) (holding the <u>Younger</u> doctrine inapplicable to a claim for money damages).

However, "a necessary concomitant of <u>Younger</u> [is that] a party . . . must exhaust his state appellate remedies before seeking relief in the [federal] District Court." <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 608 (1975). The plaintiff must be given an opportunity in state court proceedings to have his constitutional claims fully and fairly litigated. <u>Allen v. La. Bd. of Dentistry</u>, 835 F.2d 100, 103 n.1 (5th Cir. 1988). However, the burden of proving that the state's appellate procedures barred him from presenting his claims is on the plaintiff. <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 14 (1987). "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." <u>Id.</u> at 15.

Here, Plaintiff has not given the Texas courts an opportunity to adjudicate his constitutional claims with respect to the Texas state criminal proceedings. Further, he has not alleged any facts demonstrating that the Texas courts were not open to adjudicate his claims. In short, he has not shown that he has exhausted his state appellate remedies. Thus, the court finds that <u>Younger</u> abstention is appropriate under the facts of this case, and, therefore, that this court has no subject matter jurisdiction to hear Plaintiff's claims for injunctive and declaratory relief.

**B.    Rule 12(b)(6): Failure to State a Claim**

Defendants argue that they are immune from suit for money damages under the Eleventh Amendment of the United States Constitution.  Judge Culver and Judge Reagin also argue that they have absolute judicial immunity.

The Eleventh Amendment shields suits under Section 1983 against state officials in their official capacities for retrospective relief, including money damages.  <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 54 (1996); <u>Edelman v. Jordan</u>, 415 U.S. 651, 668 (1974).  Probation officers and their supervisors acting in their official capacities are entitled to sovereign immunity with respect to monetary damages.  <u>See, e.g.</u>, <u>Algeria v. Williams</u>, 314 Fed. App'x 687, 689 (5th Cir. 2009) (probation officer and his supervisor at Galveston County Community Supervision and Corrections Department); <u>Clark v. Tarrant County, Texas</u>, 798 F.2d 736, 745 (5th Cir. 1986) (holding that Adult Probation of Tarrant County, Texas, was arm of the State).

Thus, here, Bijou, a probation officer, and Wolff, her supervisor, both of Fort Bend Country Community Supervision and Corrections Department, were sued in their official capacities only.  They are therefore entitled to sovereign immunity under the Eleventh Amendment and, consequently, Plaintiff's claims for money damages against them is barred.

Accordingly, because the court **GRANTS** Bijou's and Wolff's motion to dismiss.

Absolute immunity from personal liability for damages under Section 1983 also extends to prosecutors in some situations, i.e.,

for actions "initiating a prosecution . . . and presenting the
State's case" as well as those "intimately associated with the
judicial phase of the criminal process."  Esteves v. Brock, 106
F.3d 674, 677 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S.
409, 430-31 (1976)).  As with Bijou and Wolff, the claims against
ADA Bolin and ADA Reiss in their official capacities is "another
way of pleading an action against an entity of which an officer is
an agent."  Esteves, 106 F.3d at 677 (quoting Monell v. Dep't of
Soc. Servs., 436 U.S. 6588, 690 n.55 (1978)).

As later encapsulated by the Fifth Circuit, Esteves stands for
the proposition that "Texas district attorneys are shielded by
Eleventh Amendment immunity for acts performed as state officers in
the scope of criminal prosecution, but they are not so shielded
when they act with respect to local policies."  Spikes v. Phelps,
131 Fed. App'x 47, 49 n.1 (5th Cir. 2005).  These "local policies"
encompass duties that are primarily administrative or managerial in
nature, i.e., where the actions of the prosecutor are those of a
final policymaker for the county.  Esteves, 106 F.3d at 678.

Here, there is no question that the actions take by ADA Bolin
and ADA Reiss in this case were "an integral part of the
prosecutorial function of enforcing state criminal law."  See
Esteves, 106 F.3d at 678.  Plaintiff alleges that ADA Bolin "was in
contact with" ADA Reiss.[37]  He alleges that they filed felony
charges against him and that they separately issued warrants for
his arrest.  He also alleges that ADA Bolin requested revocation of

---

[37]     Doc. 24, ¶ 40.

his bonds.  These are all acts by which the prosecutors represented the State's interest in criminal prosecutions.  See Esteves, 106 F.3d at 678.  They are therefore entitled to sovereign immunity under the Eleventh Amendment and, consequently, Plaintiff's claims for money damages against them is barred.

Accordingly, the court **GRANTS** the motions to dismiss with respect to ADA Bolin and ADA Reiss.

Judge Culver and Judge Reagin both claim they are entitled to judicial immunity.  The United States Supreme Court "has consistently adhered to the rule that judges defending against [Section 1983] actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." Dennis v. Sparks, 449 U.S. 24, 27 (1980) (internal quotations omitted). Judicial immunity does not apply in two situations, however: 1) if the judge is not acting in his judicial capacity, and 2) if the judge has acted in complete absence of jurisdiction.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Neither of those two exceptions applies to the facts of this lawsuit.  Plaintiff has only sued Judge Culver and Judge Reagin in their official capacities.  The facts alleged in his amended complaint confirm this; Plaintiff has not alleged any act by either Judge Culver or Judge Reagin that constitutes action taken outside of either's judicial scope.  Plaintiff merely alleges that Judge Culver ordered Plaintiff's bond revoked because of new felony charges; that Judge Culver also ordered him to wear a GPS monitor; and that he should not have presided over Plaintiff's trial.  With respect to Judge Reagin, Plaintiff alleges that she presided over

his criminal case in Harris County, that she placed a bond of $5,000 on each of the new charges against him; and that she ordered his bonds forfeited when he was incarcerated in Fort Bend County Jail.  These are purely judicial acts on the part of each judge, and there is no indication that any of these acts were taken in the complete absence of jurisdiction.  Thus, Judge Culver and Judge Reagin are both entitled to judicial immunity and, consequently, Plaintiff's claims against them for money damages are barred.

Accordingly, the court **GRANTS** the motion to dismiss with respect to Judge Culver and Judge Reagin.

Having found Defendants' motions to dismiss meritorious,[38] the court **DENIES AS MOOT** ADA Reiss's motion for summary judgment, Plaintiff's requests for extensions of time to respond to that motion, and Plaintiff's motion in opposition to ADA Reiss's motion.

### IV.  Conclusion

Based on the foregoing, the court **GRANTS** Defendants Culver, Reagin, Bijou, and Wolff's Motion to Dismiss (Doc. 20); **GRANTS** Defendant Reiss's Motion to Dismiss (Doc. 21); **GRANTS** Defendant Bolin's Motion to Dismiss (Doc. 22);  **DENIES AS MOOT** Defendant Bolin's Motion to Strike Complaint Filed by Alice M. Craft (Doc. 23); **DENIES AS MOOT** Defendant Reiss's Motion for Summary Judgment (Doc. 38); **DENIES AS MOOT** Plaintiff's Motion for Extension of Time to Respond to Motion for Summary Judgment (Doc. 43); **DENIES AS MOOT** Plaintiff's Motion for Extension of Time to File Opposition to

---

[38]     Having granted Defendants' motions to dismiss on the above grounds, the court does not reach and expresses no opinion on Defendants' arguments with respect to alternative grounds for dismissal of this lawsuit.

Motion for Summary Judgment (Doc. 44); and       **DENIES  AS  MOOT**
Plaintiff's Motion in Opposition to Defendant Reiss's Motion for
Summary Judgment (Doc. 46).

    **SIGNED** in Houston, Texas, this <u>4th</u> day of August, 2011.

_____
Nancy K. Johnson
United States Magistrate Judge
